**SO ORDERED.**

**SIGNED June 1, 2012.**



ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

IN RE:

K5 GLOBAL, INC.,                                CASE NO. 11-20393

    Debtor                                     Chapter 11

--------------------------------------------------------------------
MEMORANDUM RULING
--------------------------------------------------------------------

The present matter before the court is a Motion to Transfer Venue to the United States Bankruptcy Court for the Northern District of Texas filed by Associates in Development ("AID"). AID also filed a motion to convert this Chapter 11 case to a case under Chapter 7. The court granted AID's motion to convert following a hearing on May 3, 2012, but took AID's Motion to Transfer under advisement. The debtor, K5 Global, Inc. (the "Debtor" or "K5 Global"), the Debtor's largest creditor, and the U. S. Trustee's Office have objected to the transfer. After considering the

parties' arguments and the relevant authorities, the court **DENIES** the Motion to Transfer.

**BACKGROUND**

K5 Global was a civilian contractor operating in Afghanistan and Iraq. The Debtor's assets in Afghanistan included an asphalt and concrete plant (the "Batch Plant") and barracks ("Camp Raven") in Kandahar, Afghanistan. K5 Global ultimately ceased operations in Afghanistan when it was unable to pay its sub-contractors. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on April 18, 2011. On June 20, 2011, a related entity, Bennett & Fouch Associates, LLC ("B & F") filed for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas (Case No. 11-34421-BJH-7). The majority owner of K5 Global, Sarah Lee, was also an employee and officer of B & F. Moreover, B & F purportedly owns an interest in the Batch Plant and Camp Raven. Both debtors share common creditors, including unpaid sub-contractors. However, K5 Global's largest creditor, Stallion Construction, is not a creditor in the B & F bankruptcy case.

**DISCUSSION**

AID seeks to transfer this case to the United States Bankruptcy Court for the Northern District of Texas pursuant to 28 U.S.C. § 1412 and Rule 1014(a)(1) of the Federal Rules of

-2-

Bankruptcy Procedure so that this case may be jointly administered with B & F's bankruptcy case pending in the Northern District of Texas. Section 1412 provides that the court "may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Rule 1014(a)(1) provides:

> "If a petition is filed in a proper district, the court on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States Trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties."

A motion to change venue under section 1412 and Rule 1014(a)(1) is a core proceeding. See In re Enron Corp., 274 B.R. 327, 342 (Bankr. S.D.N.Y. 2002). The factors the courts consider in determining whether to change venue include (1) the proximity of creditors to the court, (2) the proximity of the debtor to the court, (3) the proximity of witnesses necessary to the administration of the estate, (4) the location of the estate's assets, (5) the economical administration of the estate, and (6) the necessity for ancillary administration if liquidation should result. Enron, 274 B.R. at 343.

AID contends that joint administration of the B & F and K5 Global cases in the Northern District would promote the economical

-3-

administration of the debtors' estates.  While AID acknowledges that a separate trustee may have to be appointed for K5 Global's estate, it contends that having both cases before the same judge will simplify the administration of the cases by allowing the parties to coordinate hearing dates for disputes over the debtors' jointly-owned property and ensuring uniform rulings on those disputes by having the disputes decided by one judge.  K5 Global as well as the U.S. Trustee's Office for District Five opposed the transfer on the grounds that the cases could not be administered by a single trustee and that K5 Global's case is the first-filed case.  K5 Global's largest creditor, Stallion Construction, also opposes transfer.

   After considering the record, the parties' arguments, and the status of the two bankruptcy cases, the court denies AID's Motion to Transfer for the following reasons.  First, the parties acknowledge that any jointly-owned assets and the documents pertaining to those assets are located in Afghanistan. Accordingly the location of jointly-owned assets and relevant documents does not favor one district over another.  Second,  as far as the convenience of parties and witnesses, K5 Global's largest creditor, Stallion Construction, is not a creditor of B & F's bankruptcy estate.  Although Stallion Construction is not located in the Western District of Louisiana, it has made arrangements for representation in the Western District.  Stallion points out that

-4-

K5 Global's case may involve unique claims litigation. Furthermore, K5 Global's principal, Sarah Lee, is located in the Western District of Louisiana. Ms. Lee will likely be a key witness in both cases. Third, with respect to AID's judicial efficiency argument, the docket sheets for the B&F case and the K5 Global case show no motions or other proceedings requesting either court to resolve any disputes over the joint ownership of the Batch Plant and Camp Raven. Accordingly, the transfer of the entire K5 Global bankruptcy case to the Northern District of Texas based on potential litigation over jointly-owned assets is premature.[1] Finally, the K5 Global case is the first-filed case.

**CONCLUSION**

For the foregoing reasons, the court **DENIES** AID's motion to transfer venue.

**IT IS SO ORDERED.**

### ###

---

[1] The court acknowledges that, to the extent the parties ultimately litigate their interests in the Batch Plant and Camp Raven, some coordination may be necessary. The court may need to re-visit the question of whether to transfer venue. However, section 1412 contemplates the transfer of individual adversary proceedings. See Fed. R. Bankr. P. 7087. At this stage, the court is reluctant to transfer the entire case given the factors weighing in favor of maintaining venue in the Western District of Louisiana.

-5-